# EXHIBIT F

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

Hanson

EXHIBIT NO. 3
11/2/15
MARIA N. DAMIANI

WILLIAM HANSON, III,

    Plaintiff,

    v.

LOWE'S HOME CENTERS, INC., a
North Carolina corporation,
and IDEAL MERCHANDISING &
SERVICES UNLIMITED, INC., an
Arkansas corporation,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \*

C.A. No.

TRIAL BY JURY DEMANDED

ARBITRATION CASE

## COMPLAINT

1. Plaintiff William Hanson, III (hereinafter "Plaintiff") is a resident of the State of Delaware, residing at 217 Mahogany Place, Dover, Delaware 19901.

2. Defendant Lowe's Home Centers, Inc. (hereinafter "Defendant") is a North Carolina corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant Ideal Merchandising & Services Unlimited, Inc., is an Arkansas corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendants are employers within the State of Delaware and within the jurisdictional coverage of 19 Delaware Code §710 et seq.

5. Jurisdiction is conferred on this court by 19 Delaware Code §715.

RECEIVED AND
FILED
DEC 28 PM 4:0
KENT COUNTY
PROTHONOTARY

A 188

6.   Plaintiff brings this action to redress the wrongs done to him by Defendants' discrimination against him on the basis of his race, sex and national origin, and Defendants' unlawful retaliation against him.

7.   On or about March 26, 2004, Plaintiff timely submitted complaints of discrimination on the basis of race, sex, national origin and retaliation, to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8.   Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the DDOL.

9.   Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue.

10.   Plaintiff is an Asian-American male whose national origin is partially Korean.

11.   Prior to his discharge by Defendant Ideal, Plaintiff was employed by Defendant Ideal as a vendor and was assigned to the Dover, Delaware location of Defendant Lowe's.

12.   At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

13.   Plaintiff began his employment with Defendant Ideal on or about October 6, 2003, at which time he was assigned to the Dover, Delaware location of Defendant Lowe's.

14.   During the period of his employment Plaintiff was subjected to constant harassment by agents of Defendant Lowe's, namely, Store Manager Yvette (last name unknown), a white American

2

female, and Assistant Store Manager, Linda Myer, also a white American female.

15. Plaintiff complained about said harassment to the Corporate Office of Defendant Lowe's and to Defendant Ideal.

16. Subsequently, both Yvette and Ms. Myer retaliated against Plaintiff due to his complaints by continuing and increasing their harassment of Plaintiff.

17. On or about January 25, 2004, Plaintiff was constructively discharged by Defendant Ideal when its agent, District Manager Jeremy Lehman, a white American male, informed Plaintiff that he was no longer able to work in the Dover, Delaware location of Defendant Lowe's because management of Defendant Lowe's had accused Plaintiff of allegedly recording conversations. Said accusation was false and pretextual and was designed to mask Defendants' discrimination against Plaintiff on the basis of his race, sex, and national origin, and Defendant's retaliation against Plaintiff.

## COUNT I

18. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 17 hereinabove.

19. Defendants subjected Plaintiff to a hostile working environment and otherwise discriminated against him with regard to the terms and conditions of his employment on the basis of his race, sex, and national origin, and retaliated against Plaintiff, in violation of 19 Del. C. §710 et seq.

3

20. Defendants participated with one another in discrimination and retaliation against Plaintiff, and both Defendants served as Plaintiff's employers for purposes of 19 Del. C. §710 et seq.

21. As a direct result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A.    Back pay, including interest;

B.    Reinstatement if feasible, or in the alternative, front pay;

C.    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

D.    Punitive damages;

E.    Pre-judgment and post-judgment interest;

F.    Attorney's fees; and

G.    Any other relief that this court deems just.

## COUNT II

22. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 21 hereinabove.

23. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of his race and

4

retaliating against him for his complaints of discrimination, Defendants have violated 42 U.S.C. §1981.

24. As a direct result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Back pay, including interest;

B. Reinstatement if feasible, or in the alternative, front pay;

C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees; and

G. Any other relief that this court deems just.

<u>COUNT III</u>

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

23. By its actions as stated hereinabove, including the false accusations made against Plaintiff referenced in paragraph 17, Defendant Lowe's tortiously interfered with Plaintiff's employment contract with Defendant Ideal.

5

A 192

24. As a direct result of this tortious conduct of Defendant Lowe's, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's for:

    A.  Back pay, including interest;

    B.  Reinstatement if feasible, or in the alternative, front pay;

    C.  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

    D.  Punitive damages;

    E.  Pre-judgment and post-judgment interest;

    F.  Attorney's fees; and

    G.  Any other relief that this court deems just.

## COUNT IV

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

26. Agents of Defendant Lowe's have made false oral statements regarding Plaintiff as referenced hereinabove.

27. Said agents of Defendant Lowe's knew said statements to be false when they made them.

28. Said agents of Defendant Lowe's published said statements in an improper manner and for an improper purpose.

6

29. Said agents of Defendant Lowe's have made said statements with actual malice. Said statements maligned Plaintiff in his trade, business, and profession, and said agents of Defendant Lowe's made said statements with the intent so to malign Plaintiff.

30. The defamatory oral statements of said agents of Defendant Lowe's regarding Plaintiff were intended to disgrace him, lower him among his colleagues, malign him in his profession, and bring him into contempt and ridicule.

31. The defamatory oral statements of said agents of Defendant Lowe's regarding Plaintiff constituted slander per se.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's for:

A.  Back pay, including interest;

B.  Reinstatement if feasible, or in the alternative, front pay;

C.  Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

D.  Punitive damages;

E.  Pre-judgment and post-judgment interest;

F.  Attorney's fees; and

G.  Any other relief that this court deems just.

7

A 194

Respectfully submitted,

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR., ESQUIRE
(I.D. #362)

BY: _____
NOEL E. PRIMOS, ESQUIRE
(I.D. #3124)
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 12·28·04
WDF:NEP:pmw

8

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

CIVIL ACTION NUMBER: 04c-12-056 (WLW)

COUNTY: N (X) S

CIVIL CASE TYPE: Other/Employment Discrimination

CIVIL CASE CODE: OTHER

(SEE REVERSE SIDE FOR CODE AND TYPE)

| | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| CAPTION: | WILLIAM HANSON, III, Plaintiff |
| WILLIAM HANSON, III | |
| Plaintiff, | |
| | DOCUMENT TYPE: (E.G., COMPLAINT, ANSWER WITH COUNTERCLAIM) |
| v. | |
| LOWE'S HOME CENTERS, INC., a North | Complaint and Related Pleadings |
| | Non-Arbitration |
| Carolina corporation, and IDEAL | (Certificate of Value may be required) |
| MERCHANDISING & SERVICES UNLIMITED, | Arbitration X Mediation ___ Neutral Assessment ___ |
| | DEFENDANT (CIRCLE ONE) ACCEPT REJECT |
| INC., an Arkansas Corporation, | JURY DEMAND YES X NO ___ |
| | TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) |
| Defendants. | EXPEDITED (STANDARD) COMPLEX |

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

ATTORNEY NAME(S):
William D. Fletcher, Jr.
ATTORNEY ID (S): 362
FIRM NAME:
SCHMITTINGER & RODRIGUEZ, P.A.

ADDRESS:
414 SOUTH STATE STREET
P.O. BOX 497
DOVER, DE 19903-0497

EXPLAIN THE RELATIONSHIP(S):

TELEPHONE NUMBER:
302-674-0140
FAX NUMBER:
302-674-1830
E-MAIL ADDRESS:

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

WILLIAM HANSON, III,          *          C.A. No.

           Plaintiff,         *

                              *

vs.                           *          SUMMONS

LOWE'S HOME CENTERS, INC., a  *
North Carolina corporation,   *
and IDEAL   MERCHANDISING &   *
SERVICES UNLIMITED, INC., an  *
Arkansas corporation,         *

           Defendants.        *

STATE OF DELAWARE

TO THE SHERIFF OF NEW CASTLE COUNTY:

YOU ARE COMMANDED:

To summon the above-named Defendant, Ideal Merchandising & Services Unlimited, Inc., so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon WILLIAM D. FLETCHER, JR., ESQUIRE, Plaintiff's attorney, whose address is 414 South State Street, P.O. Box 497, Dover, Delaware 19903, an Answer to the Complaint (and, if any affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

                                        _____
                                             PROTHONOTARY
Dated:
                                        _____
                                             Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof, upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if any affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                        _____
                                             PROTHONOTARY

                                        _____
                                             Per Deputy

BY: _____

NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE    19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 12.28.04
NEP

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

WILLIAM HANSON, III,                    *        C.A. No.

       Plaintiff,                      *

                          *

vs.                                     *

LOWE'S HOME CENTERS, INC., a            *        PRAECIPE
North Carolina corporation,             *
and IDEAL MERCHANDISING &               *
SERVICES UNLIMITED, INC., an            *
Arkansas corporation,                   *

       Defendants.                     *

TO: PROTHONOTARY
    Kent County Courthouse
    38 The Green
    Dover, DE   19901

       PLEASE DOCKET the attached Complaint and related pleadings and issue the attached Summons to the Sheriff of New Castle County and direct him to serve the same, along with copies of the Complaint:

       (1)  Upon Defendant Lowe's Home Centers, Inc., by serving its registered agent for service of process The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

       (2)  Upon Defendant Ideal Merchandising & Services Unlimited, Inc., by serving its registered agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

                     SCHMITTINGER & RODRIGUEZ, P.A.

                     BY: _____
                        WILLIAM D. FLETCHER, JR., ESQUIRE
                        (I.D. #362)

# EXHIBIT G

1                IN THE UNITED STATES DISTRICT COURT

2                   FOR THE DISTRICT OF DELAWARE

3    WILLIAM HANSON, III,          :
                                   :
4              Plaintiff,          :
                                   :
5              v.                  :  C.A. No.: 05-0046 (JJF)
                                   :
6    LOWE'S HOME CENTERS, INC., :
     et al.,                       :
7                                  :
               Defendants.         :
8                        .. .. .. .. .. ..

9              Deposition of YVETTE SCHRIVER, taken
     pursuant to notice, on Wednesday, December 14, 2005
10   at 1:10 p.m. at 414 S. State Street, Dover,
     Delaware, reported by Lorena J. Hartnett, a Registered
11   Professional Reporter and Notary Public.

12                       .. .. .. .. .. ..

13   APPEARANCES:

14           WILLIAM D. FLETCHER, JR., ESQUIRE
             NOEL PRIMOS, ESQUIRE
15           Schmittinger & Rodriguez, P.A.
             414 S. State Street
16           Dover, DE  19901
                Attorneys for the Plaintiff

17
             MICHELE HALGAS MALLOY, ESQUIRE
18           Littler Mendelson, P.C.
             Three Parkway, Suite 1400
19           1601 Cherry Street
             Philadelphia, PA  19102
20              Attorney for the Defendant

21           LUCRETIA C. CLEMONS, ESQUIRE
             Ballard, Spahr, Andrews & Ingersoll, LLP
22           1735 Market Street, 51st Floor
             Philadelphia, PA  19103-7599
23              Attorney for the Defendant

24

1    A.    I don't remember the date.

2    Q.    Was it fairly soon after you came

3    here?

4         MS. MALLOY:  Objection, she said

5    fairly.

6  BY MR. PRIMOS:

7    Q.    You can answer.

8    A.    I really don't remember the date.  It

9    could have been a year or two years.

10    Q.    And can you describe Mr. Hanson's

11    performance when he was an associate at the store

12    while you were store manager?

13    A.    As a Lowe's employee?

14    Q.    Yes.

15    A.    Very good, no issues at all with him.

16    When I first got there, awesome employee.  Asked

17    to do anything, he would go do it.  Asked to go

18    to any department, he would go do it.  Good

19    associate.

20    Q.    Okay.  So you never had any issues

21    with him while he was a Lowe's employee?

22         MS. MALLOY:  Objection.

23  BY MR. PRIMOS:

24    Q.    Well, let me ask you this:  Well, I

41

1      Q.    Okay, looking at the incident beside

2   November 20, 2003, "Yvette made an unnecessary

3   scene in front of employees and customers toward

4   myself in having a 12-ounce coffee in the store."

5          Quote, "You need to get out of this

6   store now," end quote.  Begin quote, "No coffee

7   allowed.  Get out."

8          "Yvette was yelling and pointing at me

9   to leave immediately."

10         Did this incident occur?

11     A.    To tell him he cannot have coffee on

12  the sales floor did occur.  The yelling and

13  screaming did not occur.

14     Q.    Did you tell Mr. Hanson, "You need to

15  get out of this store now," or words to that

16  effect?

17     A.    No, sir.

18     Q.    Did you tell him to get out of the

19  store in any manner?

20     A.    No, sir.

21     Q.    But you recall an incident where

22  Mr. Hanson had coffee in the store?

23     A.    Yes, sir.

24     Q.    And where was he located at the time?

1      A.    In the middle of the store, main

2  aisle, right behind aisle six and seven.

3      Q.    And what, specifically, did you say to

4  Mr. Hanson?

5      A.    I said, "Will, you cannot have that on

6  the sales floor.  You need to go to the break

7  room and drink it or put it in the trash can."

8      Q.    And what did he say in response?

9      A.    He said okay.

10      Q.    And did he comply?

11      A.    He went one way, and I went another

12  way.

13      Q.    Okay, it indicates next to December 2,

14  2003, store manager, Yvette, walks by me and

15  says, "Are you going to get any work done today,

16  Boy?"  End quote.

17            And then, begin quote, "Yeah, that's

18  right, I am talking to you, Boy," end quote.  Did

19  that occur?

20      A.    No, sir.

21      Q.    Did you ever refer to Mr. Hanson as

22  boy?

23      A.    No, sir.

24      Q.    Okay, it indicates that on December 3

1      A.    Yes, I had conversation with Linda

2  about the tape.

3      Q.    Okay, this was subsequent to this

4  initial phone call from her?

5      A.    Yes.

6      Q.    And when was that?

7      A.    I don't know a date.  I couldn't tell

8  you.

9      Q.    Was it in January of 2004?  Assuming

10  that this first conversation with her was on

11  January 25, 2004, was this later conversation

12  also in January?

13      A.    I don't recall.

14      Q.    Was it in 2004?

15      A.    I don't recall.

16      Q.    Okay.

17      A.    I don't know a date.

18      Q.    And what was the conversation with

19  Ms. Myers about the tape?

20      A.    I asked her who had the tape.  She

21  told me Carlos had the tape.  I called Carlos and

22  I asked him to bring the tape in.  He brought the

23  tape in.

24      Q.    So prior to this time Ms. Myers had

# EXHIBIT H

EXHIBIT NO. 4
1/2/05
MARIA N. DAMIANI

# Customer Care Incident Fax

Kenneth.Boyell@lowes.com,Yvette.A.Schreiber@store.lowes.com,
12/3/2003 3:11:48 PM          lmillhol

Vendor states that he constantly has run ins with the store manager Yvette Schreiber, she always has smart aleck  comments and makes the work enviroment very unpleasant and stresses this vendor. Vendor states that he  has tried talking to her about why she harrases him constantly and states that she just blew him off and couldn't care less about his feelings. Vendor handles the plumbing and electrical for Ideal Merchandising and usually only deals with the department heads, and is tired of run ins with this store manager, he states that she has embarrased him in front of employees and customers with her nasty comments. Vendor states that she calls him boy and tells him things like about time you get to work, and tells him to quit standing around doing nothing. Vendor is tired of being harrased by her and wants something done.

# Customer Care Incident Fax

The following employees for location 0587 were emailed:
Yvette.A.Schreiber@store.lowes.com,Keith.P.Dominick@store.lowes.com,Ryan.J.Hogate@store.lowes.com,
William.C.Hurd@store.lowes.com,Debbie.L.Lenhart@store.lowes.com,Jerald.A.Rash@store.lowes.com,Ed.T
olbert@store.lowes.com,Holli.S.Voshell@store.lowes.com,Sharon.L.Miller@store.lowes.com,Linda.A.Myer
s@store.lowes.com,
12/18/2003 9:57:10 AM          StoreReply
From Kenneth.Boyell@Lowes.com Thu Dec 18 09:33:11 2003
Please close. This was a vendor who services our stores and his superior
has been contacted and he will resolve with his employee. see notes
below) This should not have been customer care incident and an apology
has been offered from the vendor. No follow up is needed.
Thank you,
Kenneth L. Boyell
District Manager 815
-----Original Message-----
From: Schreiber, Yvette - Yvette A
. Sent: Thursday, December 18, 2003 8:54 AM
To: Boyell, Kenneth - Kenneth L
Subject: Incident # CC0000001579765 William Hanson (fwd)
good morning ken,
i didn't know if you received this. would you like for me to do
something
with it?
thank you and have a great :)
yvette schreiber
---------- Forwarded message ----------
To: Debbie.L.Lenhart@store.lowes.com, Ed.Tolbert@store.lowes.com,
    Holli.S.Voshell@store.lowes.com, Jerald.A.Rash@store.lowes.com,
    Keith.P.Dominick@store.lowes.com, Linda.A.Myers@store.lowes.com,
    Ryan.J.Hogate@store.lowes.com, Sharon.L.Miller@store.lowes.com,
    William.C.Hurd@store.lowes.com, Yvette.A.Schreiber@store.lowes.com
From: Customer Care <custcare@ibgrem1.0998.lowes.com>
Subject: Incident # CC0000001579765   William Hanson
Date: Wed, 17 Dec 2003 17:58:29 -0500
This e-mail is being sent to the Store Manager and all Assistant
Managers at your store.

   ***USE THE INCIDENT CENTER TO RESPOND TO THIS INCIDENT***

   Please reespond to the following customer incident in the next 24
hours using the CUSTOMER CARE INCIDENT CENTER located on the Thin Client
Home.Page.  To receive advice from one of our Customer Care Specialists,
please call 1-700-658-7100  and choose
  option 2.
Location: LOWE'S OF DOVER. DEL., 0587
This Complaint was received via Phone on 12/03/03 15:11:48.
Customer Information:
William Hanson
217 Mahogany
Dover, DE 19901-
Home #: 302-465-0345
Business #:  ext
Mobile #:

# Customer Care Incident Fax

Pager #:

Incident Category: Human Resources, Other,

Incident Information:

12/03/03 15:11:48    lmillhol

  Vendor states that he constantly has run ins with the store manager Yvette Schreiber, she always has smart aleck comments and makes the work enviroment very unpleasant and stresses this vendor. Vendor states that he has tried talking to her about why she harrases him constantly and states that she just blew him off and couldn't care less about his feelings. Venndor handles the plumbing and electrical for Ideal Merchandising and usually only deals with the department heads, and is tired of run ins with this store manager, he states that she has embarrased him in front of employees and customers with her nasty comments. Vendor states that she calls him boy and tells him things like about time you get to work, and tells him to quit standing around doing nothing. Vendor is tired of being harrased by her and wants something done.

12/03/03 17:29:26    bkkilby

  Sending to DM for review/follow-up.

  The following employees for location 0587 were emailed:
Kenneth.Boyell@lowes.com,Yvette.A.Schreiber@store.lowes.com,

12/17/03 09:59:05    StoreReply

  Updated By: Kenneth L. Boyell

  Contacted vendors superior Jeremy Leamon 479-366-9778 12/5. Store Manager states vendor has performance issues and has changed vendor rep. positions but has not had dealings with him recently.Store manager has spoken with Jeremy on 12/12 and he offered an apology from his rep.would be forthcoming and assured he would reslove. Please close this and do not count as a cutomer complaint this is a vendor issue.

12/17/03 17:58:28 rhnichol

Comments noted, We can no longer put an incident in a resolved state, until the incident has been fully resolved. Once the customer is happy, customer care will be able to resolve this out fully. Until then, the status will be set as pending. I have updated this in the system.

12/17/2003 5:58:29 PM    rhnichol

  Comments noted, We can no longer put an incident in a resolved state, until the incident has been fully resolved. Once the customer is happy, customer care will be able to resolve this out fully. Until then, the status will be set as pending. I have updated this in the system.

  The following employees for location 0587 were emailed:
Yvette.A.Schreiber@store.lowes.com,Keith.P.Dominick@store.lowes.com,Ryan.J.Hogate@store.lowes.com, William.C.Hurd@store.lowes.com,Debbie.L.Lenhhart@store.lowes.com,Jerald.A.Rash@store.lowes.com,Ed. Tolbert@store.lowes.com,Holli.S.Voshell@store.lowes.com,Sharon.L.Miller@store.lowes.com,Linda.A.Mye rs@store.lowes.com,

12/17/2003 9:59:05 AM    StoreReply

  Updated By: Kenneth L. Boyell

  Contacted vendors superior Jeremy Leamon 479-366-9778 12/5. Store Manager states vendor has performance issues and has changed vendor rep. positions but has not had dealings with him recently.Store manager has spoken with Jeremy on 12/12 and he offered an apology from his rep.would be forthcoming and assured he would reslove. Please close this and do not count as a cutomer complaint this is a vendor issue.

12/3/2003 5:29:26 PM    bkkilby

  Sending to DM for review/follow-up.

  The following employees for location 0587 were emailed:

Page -1 of 1

LHC007