# EXHIBIT G

-05-05  04:20pm  From-Littler Mendelson Chgo          3129727980         T-542  P.005/016  F-126
1-154 08:12

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

Hanson
EXHIBIT NO. 3
1/2/15
MARIA N. DAMIANI

| | |
|---|---|
| WILLIAM HANSON, III, | * |
| Plaintiff, | * C.A. No. |
| v. | * |
| LOWE'S HOME CENTERS, INC., a North Carolina corporation, and IDEAL MERCHANDISING & SERVICES UNLIMITED, INC., an Arkansas corporation, | * TRIAL BY JURY DEMANDED |
| Defendants. | * ARBITRATION CASE |

### COMPLAINT

1. Plaintiff William Hanson, III (hereinafter "Plaintiff") is a resident of the State of Delaware, residing at 217 Mahogany Place, Dover, Delaware 19901.

2. Defendant Lowe's Home Centers, Inc. (hereinafter "Defendant") is a North Carolina corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant Ideal Merchandising & Services Unlimited, Inc., is an Arkansas corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendants are employers within the State of Delaware and within the jurisdictional coverage of 19 Delaware Code §710 et seq.

5. Jurisdiction is conferred on this court by 19 Delaware Code §715.

6. Plaintiff brings this action to redress the wrongs done to him by Defendants' discrimination against him on the basis of his race, sex and national origin, and Defendants' unlawful retaliation against him.

7. On or about March 26, 2004, Plaintiff timely submitted complaints of discrimination on the basis of race, sex, national origin and retaliation, to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the DDOL.

9. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue.

10. Plaintiff is an Asian-American male whose national origin is partially Korean.

11. Prior to his discharge by Defendant Ideal, Plaintiff was employed by Defendant Ideal as a vendor and was assigned to the Dover, Delaware location of Defendant Lowe's.

12. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

13. Plaintiff began his employment with Defendant Ideal on or about October 6, 2003, at which time he was assigned to the Dover, Delaware location of Defendant Lowe's.

14. During the period of his employment Plaintiff was subjected to constant harassment by agents of Defendant Lowe's, namely, Store Manager Yvette (last name unknown), a white American

2

female, and Assistant Store Manager, Linda Myer, also a white American female.

15. Plaintiff complained about said harassment to the Corporate Office of Defendant Lowe's and to Defendant Ideal.

16. Subsequently, both Yvette and Ms. Myer retaliated against Plaintiff due to his complaints by continuing and increasing their harassment of Plaintiff.

17. On or about January 25, 2004, Plaintiff was constructively discharged by Defendant Ideal when its agent, District Manager Jeremy Lehman, a white American male, informed Plaintiff that he was no longer able to work in the Dover, Delaware location of Defendant Lowe's because management of Defendant Lowe's had accused Plaintiff of allegedly recording conversations. Said accusation was false and pretextual and was designed to mask Defendants' discrimination against Plaintiff on the basis of his race, sex, and national origin, and Defendant's retaliation against Plaintiff.

## COUNT I

18. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 17 hereinabove.

19. Defendants subjected Plaintiff to a hostile working environment and otherwise discriminated against him with regard to the terms and conditions of his employment on the basis of his race, sex, and national origin, and retaliated against Plaintiff, in violation of 19 Del. C. §710 et seq.

20. Defendants participated with one another in discrimination and retaliation against Plaintiff, and both Defendants served as Plaintiff's employers for purposes of 19 Del. C. §710 et seq.

21. As a direct result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Back pay, including interest;

    B. Reinstatement if feasible, or in the alternative, front pay;

    C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

    D. Punitive damages;

    E. Pre-judgment and post-judgment interest;

    F. Attorney's fees; and

    G. Any other relief that this court deems just.

### COUNT II

22. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 21 hereinabove.

23. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of his race and

4

retaliating against him for his complaints of discrimination, Defendants have violated 42 U.S.C. §1981.

24. As a direct result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

- A. Back pay, including interest;
- B. Reinstatement if feasible, or in the alternative, front pay;
- C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;
- D. Punitive damages;
- E. Pre-judgment and post-judgment interest;
- F. Attorney's fees; and
- G. Any other relief that this court deems just.

## COUNT III

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

23. By its actions as stated hereinabove, including the false accusations made against Plaintiff referenced in paragraph 17, Defendant Lowe's tortiously interfered with Plaintiff's employment contract with Defendant Ideal.

24. As a direct result of this tortious conduct of Defendant Lowe's, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's for:

A. Back pay, including interest;

B. Reinstatement if feasible, or in the alternative, front pay;

C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees; and

G. Any other relief that this court deems just.

### COUNT IV

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

26. Agents of Defendant Lowe's have made false oral statements regarding Plaintiff as referenced hereinabove.

27. Said agents of Defendant Lowe's knew said statements to be false when they made them.

28. Said agents of Defendant Lowe's published said statements in an improper manner and for an improper purpose.

6

29. Said agents of Defendant Lowe's have made said statements with actual malice. Said statements maligned Plaintiff in his trade, business, and profession, and said agents of Defendant Lowe's made said statements with the intent so to malign Plaintiff.

30. The defamatory oral statements of said agents of Defendant Lowe's regarding Plaintiff were intended to disgrace him, lower him among his colleagues, malign him in his profession, and bring him into contempt and ridicule.

31. The defamatory oral statements of said agents of Defendant Lowe's regarding Plaintiff constituted slander per se.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's for:

- A. Back pay, including interest;
- B. Reinstatement if feasible, or in the alternative, front pay;
- C. Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;
- D. Punitive damages;
- E. Pre-judgment and post-judgment interest;
- F. Attorney's fees; and
- G. Any other relief that this court deems just.

Respectfully submitted,

SCHMITTINGER & RODRIGUEZ, P.A.

BY: *(signature)*
WILLIAM D. FLETCHER, JR., ESQUIRE
(I.D. #362)

BY: *(signature)*
NOEL E. PRIMOS, ESQUIRE
(I.D. #3124)
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 12-28-04
WDF:NEP:

8

11-06-06  04:21pm  From-Littler Mendelson Chgo        3123727880         T-542  P.013/016  F-126
-01-04 08:12
Extra

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: N (K) S                       CIVIL ACTION NUMBER: 04C-12-056 (WLW)

CIVIL CASE CODE: OTHR                 CIVIL CASE TYPE: Other/Employment Discrimination
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| WILLIAM HANSON, III | WILLIAM HANSON, III, Plaintiff |
| Plaintiff, | |
| v. | DOCUMENT TYPE: (E.G., COMPLAINT, ANSWER WITH COUNTERCLAIM) |
| LOWE'S HOME CENTERS, INC., a North Carolina corporation, and IDEAL MERCHANDISING & SERVICES UNLIMITED, INC., an Arkansas Corporation, | Complaint and Related Pleadings<br>Non-Arbitration (Certificate of Value may be required)<br>Arbitration _x_ Mediation ___ Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE) ACCEPT REJECT<br>JURY DEMAND YES _X_ NO ___<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>EXPEDITED  (STANDARD)  COMPLEX |
| Defendants. | |
| ATTORNEY NAME(S): William D. Fletcher, Jr. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| ATTORNEY ID(S): 362 | |
| FIRM NAME: SCHMITTINGER & RODRIGUEZ, P.A. | |
| ADDRESS: 414 SOUTH STATE STREET P.O. BOX 497 DOVER, DE 19903-0497 | EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER: 302-674-0140 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: 302-674-1830 | |
| E-MAIL ADDRESS: | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

1-05-06  04:21pm  From-Littler Mendelson Chgo      3123727860      T-542  P.014/016  F-126
01-04 08:12

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| WILLIAM HANSON, III, | * | |
| Plaintiff, | * | C.A. No. |
| | * | |
| vs. | * | |
| | * | SUMMONS |
| LOWE'S HOME CENTERS, INC., a | * | |
| North Carolina corporation, | * | |
| and IDEAL MERCHANDISING & | * | |
| SERVICES UNLIMITED, INC., an | * | |
| Arkansas corporation, | * | |
| Defendants. | * | |

STATE OF DELAWARE

TO THE SHERIFF OF NEW CASTLE COUNTY:

YOU ARE COMMANDED:

To summon the above-named Defendant, Ideal Merchandising & Services Unlimited, Inc., so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon WILLIAM D. FLETCHER, JR., ESQUIRE, Plaintiff's attorney, whose address is 414 South State Street, P.O. Box 497, Dover, Delaware 19903, an Answer to the Complaint (and, if any affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated: _____

PROTHONOTARY

_____

Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_____

PROTHONOTARY

_____

Per Deputy

BY: /s/ N.E.P.
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 12.28.04
NEP

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| WILLIAM HANSON, III, | * | |
| Plaintiff, | * | C.A. No. |
| | * | |
| VS. | * | |
| | * | |
| LOWE'S HOME CENTERS, INC., a | * | PRAECIPE |
| North Carolina corporation, | * | |
| and IDEAL MERCHANDISING & | * | |
| SERVICES UNLIMITED, INC., an | * | |
| Arkansas corporation, | * | |
| | * | |
| Defendants. | * | |

TO: PROTHONOTARY
Kent County Courthouse
38 The Green
Dover, DE 19901

PLEASE DOCKET the attached Complaint and related pleadings and issue the attached Summons to the Sheriff of New Castle County and direct him to serve the same, along with copies of the Complaint:

(1) Upon Defendant Lowe's Home Centers, Inc., by serving its registered agent for service of process The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

(2) Upon Defendant Ideal Merchandising & Services Unlimited, Inc., by serving its registered agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR., ESQUIRE
(I.D. #362)